IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LaNETTE MITCHELL, | § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO._____ |
| CITY OF DALLAS, | § § | |
| Defendant | § § | |

COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

I.      PARTIES

1. LaNette Mitchell is an individual residing in Collin County, Texas. The City of Dallas ("City") is a municipal corporation organized under the State of Texas.

II.     JURISDICTION AND VENUE

2. Subject matter jurisdiction over the City of Dallas lies under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff will state causes of action that violate the Civil Rights Act of 1964 42 U.S.C. § 2000e *et. seq. In personium* jurisdiction lies against the City because all facts giving rise to the causes of action asserted herein took place in the Dallas Division of the Northern District. Venue properly lies in the Dallas Division pursuant to 28 U.S.C. § 1391 (b) (i) in that this case is being filed in the district and division where the City resides.

III.    SERVICE OF PROCESS

3. The City may be served by serving its Mayor, Eric Johnson. He may be found at Dallas City Hall, 1500 Marilla St., Dallas, TX 75201 or at his law office at Locke Lord, LLP, 2200 Ross Ave., #2800, Dallas, TX 75201.

IV.     FACTS

4. Plaintiff was wrongfully terminated by the City of Dallas on June 5, 2019. She had worked there for many years. Plaintiff was a design tech drawing on computers. Ironically, she not only had good reviews but had received various letters of commendation. One was dated October 1, 2012 by the City Manager, Mary K. Suhm stating that Plaintiff had earned a spot on the Wall of Honor. Another was from Lisa C. Wowell, P.E. (Plaintiff's then supervisor) commending Plaintiff for her work in Computer Aided Design and Drafting. Still another was from the City's Richard Abernathy dated October 6, 2017, who noted the good work of Plaintiff in connection with the Citizens' Bond Task Force. Still another was from the City's Dale Long, the City's Public Works and Transportation Community Outreach Coordinator who complimented Mitchell's work ethics and described her as a dedicated, conscientious, and hard-working team player.

5. Nonetheless, in spite of all these commendations, the City wrongfully terminated the Plaintiff on June 5, 2019.

6. The ostensible, yet specious reason given was poor attendance. The real reason was racial discrimination (Plaintiff is African American) and retaliation.

7. Plaintiff has received her right to sue letter from the EEOC. The administrative remedies have been exhausted, and this suit is timely.

8. Plaintiff suffered actionable retaliation for complaining about mistreatment by various of the City's agents, including Tina Richardson, Assistant Director of Street Services and the City's Celina Richards. Also, the City attempted through its agent Jerrod D. Davis, Director of Civil Service, who attempted to sabotage the Plaintiff's Civil Service Trial Board hearing of September 21, 2022 by requiring to honor her subpoena list and not allowing a court reporter. The nature of the retaliation was the wrongful termination. Plaintiff engaged in conduct protected by the Civil Rights Act of 1964 by reporting the above misconduct. A causal connection exists between the reporting and the wrongful termination.

9. The City uses the council-management form of government. The misconduct described in this Complaint was reported to and approved by the then city manager. Thus, the City effectively adopted this misconduct as its policy, and because of this policy, the City is liable for all of the wrongdoing of its agents described hereinabove under the doctrine of *respondeat superior* pursuant to the doctrine adopted by the Supreme Court of the United States in *Monell v. Dep't. of Social Services*, 436 U.S. 658 (1978).

V. CAUSES OF ACTION

10. Plaintiff restates the allegations made above. The conduct the City and its agents constitutes actionable retaliation and a gross violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

VI. COMPENSATORY DAMAGES

11. Plaintiff has suffered two types of compensatory damages: (1) back pay; and (2) emotional distress, mental anguish and reduced ability to enjoy life. The back pay is the amount Plaintiff would have made but for the wrongful termination, less any sums

3

received since.  This equals $125,000.  The latter sort of damages are inherently unliquidated and subject to the discretion of the jury.  However, these damages are expected to be in the range of $300,000; as a result of the conduct of Defendant, Plaintiff has suffered from depression, anxiety and loss of sleep.  These conditions are so severe that Plaintiff has received counseling for them and has been forced to take various medications.  Plaintiff requests judgment for these compensatory damages.

## VII.   EXEMPLARY DAMAGES

12. Pursuant to the above cited federal statute, Mitchell will be entitled to an award of reasonable attorneys' fees.  These are estimated to be $80,000 through the jury trial; an additional $70,000 in the event of an appeal to the Court of Appeals; and an additional $70,000 in the event review is sought in the Supreme Court of the United States.  Mitchell requests judgment for same.

## VIII.   PRAYER

Plaintiff prays that she be awarded (1) all of the compensatory damages requested hereinabove; (2) she be awarded all exemplary damages requested hereinabove; (3) that she be awarded all attorneys' fees requested hereinabove; (4) that she be awarded all pre-judgment and post-judgment interest allowable by law; and (5) she be awarded such other and further damages, whether general of special, at law of in equity to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500

BOYD & STAPLETON
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.   (214)478-0152
Fax:   (214)481-1878
Web    www.boydstap.com

JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all factual issues.